UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ALEXANDRIA BAILEY,**

Case No.

Plaintiff,

vs.                                                                 Hon.

**FORD MOTOR COMPANY,**

Defendant.

_____/

Jack W. Schulz (P78078)
SCHULZ LAW PLC
P.O. Box 44855
Detroit, MI, 48244
(313) 246-3590
jack@michiganworkerlaw.com
*Attorneys for Plaintiff*

_____/

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

There is no other civil action pending in
this Honorable Court or any other Court
arising out of the same transaction and
occurrence.

**NOW COMES** Plaintiff, **ALEXANDRIA BAILEY**, for her Complaint against

Ford Motor Company, stating the following:

## INTRODUCTION

1.      Plaintiff Alexandria Bailey was employed with Ford Motor Company for

nearly eleven years, continuously receiving positive performance reviews and without

discipline. In September 2025, Plaintiff was the victim of being unknowingly provided

a date-rape drug during a concert at Pine Knob Amphitheater. During the incident, minor damage occurred to Plaintiff's company issued vehicle. Plaintiff was initially issued tickets regarding the incident, but all were dismissed. Notably, alcohol was never considered a factor.  An investigation was conducted by Ford which initially did not result in termination. However, Plaintiff was abruptly terminated following a second investigation. Plaintiff's treatment is alarming when compared to male colleagues who have been *convicted* of alcohol related crimes in their company and, at least in one instance, totaling the company leased vehicle while intoxicated, without termination or comparable discipline.

Within this Complaint, Plaintiff alleges that she received unequal treatment and was terminated based on her gender in violation of her rights pursuant to Title VII of the Civil Right Act of 1964, 42 U.S.C. §2000 *et seq.,* and Michigan's Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et. seq*.

## JURISDICITON AND VENUE

2.     This Court has original jurisdiction over Plaintiff's claims arising under Title VII, 42 U.S.C. § 2000e.

3.     Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

4.     This Court is the proper venue pursuant to 28 U.S.C. § 1391(b) as all acts and omissions giving rise to this complaint occurred in the Eastern District of Michigan.

**PARTIES**

5.     Plaintiff Alexandria Bailey is a woman who was employed with Defendant Ford Motor Company in Wayne County, MI. Plaintiff resides in Jackson County, MI.

6.     Defendant Ford Motor Company is a foreign profit corporation organized under the laws of the State of Delaware and operates within the State of Michigan.

7.     The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees.

**GENERAL ALLEGATIONS**

8.     Plaintiff Alexandria Bailey ("Plaintiff") is a woman and a member of a protected class based on her gender.

9.     Plaintiff began working for Ford Motor Company ("Defendant" or "Ford") in January 2015, most recently as a Senior Product Development Manager.

10.     Plaintiff excelled throughout her employment with Ford without any significant discipline and stellar performance reviews.

11.     Throughout her employment with Ford, it was openly discussed that her department was a "boy's club." Notably, Plaintiff received messages from other female employees regarding the unequal treatment that female employees received.

12.     Plaintiff experienced the "boy's club" and unequal treatment during her employment with Ford. However, she continued to work hard and focus on her career.

3

13.     On September 12, 2025, Plaintiff attended a concert at the Pine Knob Amphitheater.

14.     During the event, Plaintiff was given a drink which unknowingly contained GHB drugs in it. Plaintiff has no memory of the events of that night shortly after consuming the drugged beverage.

15.     On the night in question, minor damage was caused to her company leased vehicle in the Pine Knob parking lot. On information and belief, it was also alleged that other cars were damaged, purportedly by Plaintiff's vehicle.

16.     Plaintiff did not drive herself home that night.

17.     Plaintiff was initially issued tickets for allegedly causing damage to the other vehicles in the Pine Knob parking lot.  Notably, Plaintiff has not been charged, nor has it even been alleged that alcohol factored into the events for which she was ticketed.

18.     On or around September 16, 2025, Plaintiff reported the incident to Ford. On information and belief, Ford performed its own investigation, which was led by Patrick Stubblebine. In October, Plaintiff was told that the investigation concluded without resulting in termination.

19.     Later, Plaintiff received a confidential meeting invite and asked to discuss the incident again with the People First department.

20.     Plaintiff fully cooperated with all company investigations and the legal process.

21.     On November 10, 2025, Plaintiff was unexpectedly terminated shortly after her meeting with the People First Department, despite the lack of any conviction, any inappropriate use of alcohol, and her statement that she was a victim of date-rape drugs the night in question.  At the time of termination, Plaintiff was not convicted of any crimes.

22.     All charges against Plaintiff regarding the incident at Pine Knob have been dismissed, except for a misdemeanor for failure to report, which carries zero points to Plaintiff's drivers license.

23.     Plaintiff's termination is alarming when compared to male coworkers who have had been involved in significant violations involving alcohol and/or accidents to company leased vehicles.

24.     As one example, in 2023, a male coworker crashed his company car, while heavily intoxicated on alcohol. During the incident, the male employee rolled his company vehicle, totaling it, while also damaging other vehicles.  The male employee was charged with Driving Under the Influence ("DUI").

25.     On information and belief, additional comparable incidents occurred to male employees without discipline and/or termination.

26.     The difference of treatment and discipline between Mrs. Bailey and her male counterparts highlights her unequal treatment based on gender.

5

27.     Plaintiff timely filed a charge of discrimination based on gender with the Equal Employment Opportunity Commission ("EEOC").

28.     On July 1, 2026, Plaintiff was issued her right to sue letter relating to her claims of gender discrimination pursuant to Title VII. ***Exhibit A***

**COUNT I**
**GENDER DISCRIMINATION - TITLE VII, 42 U.S.C. § 2000e**

29.     All preceding paragraphs are incorporated by reference.

30.     At all relevant times, Plaintiff and Defendant were covered by and within the meaning of the Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq*.

31.     Plaintiff is a member of a protected class based on her gender.

32.     Plaintiff's gender was a factor that made a difference in Defendant's discriminatory and disparate treatment of her.

33.     Plaintiff's gender was a factor that made a difference in Defendant's decision to terminate her.

34.     Defendant treated Plaintiff different than similarly situated male comparators.

35.     Defendant's actions were intentional, with reckless indifference and in disregard of Plaintiff's rights and sensibilities.

36.     As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss of

6

vacation and sick days, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and incurred substantial liability for attorney fees.

## COUNT II
## GENDER DISCRIMINATION - ELLIOT-LARSEN CIVIL RIGHTS ACT
### M.C.L. § 37.2101 *et. seq.*

37.   All preceding paragraphs are incorporated by reference.

38.   At all relevant times, Plaintiff and Defendant were covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

39.   Defendant treated and disciplined Plaintiff different than similarly situated male employees.

40.   Plaintiff's gender was a factor that made a difference in Defendant's decision to terminate her.

41.   Defendant's actions were intentional, with reckless indifference and in disregard of Plaintiff's rights and sensibilities.

42.   As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss of vacation and sick days, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation, and loss of the

7

ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and incurred substantial liability for attorney fees.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.    Declare that the aforementioned practices and actions of Defendant constitutes unlawful practices in violation of Title VII, and the ELCRA;

b.    Award Plaintiff all lost wages and benefits, past and future, to which she is entitled;

c.    Award Plaintiff appropriate equitable relief;

d.    Award Plaintiff compensatory damages;

e.    Award Plaintiff exemplary damages;

f.    Award Plaintiff punitive damages;

g.    Award Plaintiff reasonable attorney fees, costs, and interest; and

h.    Award such other relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ Jack W. Schulz
Jack W. Schulz (P78078)
SCHULZ LAW PLC
P.O. Box 44855
Detroit, MI, 48244
(313) 246-3590
jack@michiganworkerlaw.com
*Attorney for Plaintiff*

DATE: July 2, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ALEXANDRIA BAILEY,**

             Plaintiff,

vs.

**FORD MOTOR COMPANY,**

             Defendant.

Case No.

Hon.

_____/

Jack W. Schulz (P78078)
SCHULZ LAW PLC
P.O. Box 44855
Detroit, MI, 48244
(313) 246-3590
jack@michiganworkerlaw.com
Attorney for Plaintiff

_____/

## DEMAND FOR TRIAL BY JURY

Plaintiff Alexandria Bailey hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Jack W. Schulz
Jack W. Schulz (P78078)
SCHULZ LAW PLC
P.O. Box 44855
Detroit, MI, 48244
(313) 246-3590
jack@michiganworkerlaw.com
Attorney for Plaintiff